UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERESE EBONY JONES,

    Plaintiff,

v.                                            Case No. 3:24cv410-TKW-HTC

UNITED STATES OF AMERICA,

    Defendant.
_____/

REPORT AND RECOMMENDATION

In August 2024, Plaintiff Terese Ebony Jones, proceeding *pro se*, filed a document titled "Case Against the United States of America to Redress America 1st Amendment Constitution Rights Violations." Doc. 1. On September 5, 2024, the Court advised Jones the document: (1) was not a complaint and did not comply with the Federal Rules of Civil Procedure; and (2) was not accompanied by the $405 filing fee or a motion to proceed *in forma pauperis*. Doc. 3. Thus, the Court ordered Jones to, by September 26, 2024: (1) file a complaint which complied with Fed. R. Civ. P. 8 and established the jurisdiction of this Court to hear her claims; and (2) either pay the $405 filing fee or file a motion to proceed *in forma pauperis*. Doc. 3. The Court warned Jones that her failure to comply with the Court's Order would result in a recommendation that this case be dismissed.

Nevertheless, Jones has failed to comply with the Court's Order. She has not paid the $405 filing fee or filed a motion to proceed *in forma pauperis*. Instead, she has simply refiled a copy of the document titled "Case Against the United States of America to Redress America 1st Amendment Constitution Rights Violations," albeit with the pages in a different order. *Compare* Doc. 1 *with* Doc. 4. The document contains a litany of outlandish allegations related to Christianity and Satanism, none of which come close to stating a viable claim under federal law.[1] Indeed, as previously noted, the document does not comply with the Federal Rules of Civil Procedure and does not establish the Court has jurisdiction over Jones' claims. Thus, this case should be dismissed without prejudice for failure to comply with a Court order and lack of jurisdiction. *See Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (concluding district court lacked subject matter jurisdiction when complaint failed to allege a substantial, nonfrivolous federal claim); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

---

[1] The Middle District of Florida dismissed a case Jones filed involving similar allegations as frivolous, noting: "Jones may indeed make some good ecclesiastical points and she is a sincere person. Regrettably this is not the forum to bring such complaints. The complaint does not state a claim under Federal Rule of Civil Procedure 8. It is not amenable to cure; the case is dismissed with prejudice." *See Jones v. Bergoglio*, Case No. 8:23cv1613-WFJ-TGW, Doc. 6 (M.D. Fla. July 31, 2023). One part of the document Jones filed in this Court suggests she wants the U.S. Supreme Court to review the dismissal of the Middle District case. Doc. 4 at 10-11. However, this Court can offer no relief in that regard.

Case No. 3:24cv410-TKW-HTC

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Jones' failure to comply with a Court order and lack of jurisdiction.

2. That the clerk close the file.

At Pensacola, Florida, this 3rd day of October, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.